IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MABLE P. ROJAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-0044-CV-W-ODS-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability and supplemental security income benefits. The Commissioner's decision is reversed and remanded for further proceedings.

The ALJ requested the opinion of Arnold Ostrow, M.D. R. 691. Dr. Ostrow was a non-examining, non-treating physician. Dr. Ostrow completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical). R. 692. He opined that Plaintiff could: lift up to 20 pounds frequently and up to 50 pounds occasionally; sit 6 hours at a time for a total of 8 hours a day; stand and walk 4 hours at a time for a total of 6 hours in an 8 hour workday; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl and never climb ladders or scaffolds. R. 692-93, 695. Dr. Ostrow opined that Plaintiff should never work with unprotected heights, humidity and wetness, dusts, odors, fumes, and pulmonary irritants, extreme cold, or extreme heat. R. 696. Finally, he opined that Plaintiff could occasionally drive and work around moving mechanical parts. R. 696. Dr. Ostrow based his opinion on Plaintiff's asthma and hypertension. R. 692-93, 695-96. Dr. Ostrow checked "No" in response to whether he reviewed the evidence. R. 699.

In recounting Dr. Ostrow's opinions, the ALJ described Dr. Ostrow as Plaintiff's treating physician. The ALJ gave "substantial weight" to Dr. Ostrow's opinions as to Plaintiff's standing, walking, and postural limitations and working around unprotected heights, but afforded "little weight" to the remainder of Dr. Ostrow's opinion. R. 16. The ALJ found that Plaintiff was more limited as to sitting and lifting/carrying, but less limited as to the environmental limitations. R. 16. As to the environmental limitations, the ALJ stated:

> With regard to most of the environmental limitations, the claimant is not as limited as the doctor opined. This is consistent with the claimant's activities of daily living, which includes grocery shopping and getting her children ready for school.

R. 16.

The Court concludes the case must be remanded to allow the ALJ to re-consider Dr. Ostrow's opinion. First, the ALJ improperly described Dr. Ostrow as Plaintiff's treating physician. Dr. Ostrow was a non-examining, non-treating physician, who checked "No" in response to whether he had reviewed the furnished evidence. Different standards apply in weighing the opinion of a medical expert as compared to a treating physician. *See* 20 C.F.R. § 416.927. This requires reconsidering these issues upon which Dr. Ostrow's opinion was assigned "substantial weight."

Second, even if it was proper for the ALJ to rely on Dr. Ostrow's opinion, the ALJ gives an untenable reason for assigning little weight to Dr. Ostrow's opinion regarding Plaintiff's environmental limitations. Dr. Ostrow opined that Plaintiff should never work in humidity and wetness, dusts, odors, fumes, pulmonary irritants, extreme cold, or extreme heat. The ALJ gave this opinion little weight because Plaintiff has the ability to grocery shop and get her kids ready for school. The Court is unsure how Plaintiff's ability to shop and care for her children proves anything about her ability to endure extreme temperatures, humidity and wetness, dusts, odors, and fumes. Additionally, Dr. Ostrow's opinion as to Plaintiff's environmental limitations is consistent with Dr. Boulware's opinions. R. 560, 811. Inasmuch as the case is being remanded, the ALJ should also reconsider the opinion of Dr. Boulware—Plaintiff's treating physician—in light of Plaintiff's argument that the ALJ erred in giving "little weight" to Dr. Boulware's opinion.

2

The Court also concludes the case should be remanded to permit the ALJ to fully and properly explain how he analyzed Plaintiff's credibility. The ALJ discounted Plaintiff's credibility because Plaintiff's allegations of disabling symptoms and limitations were inconsistent with Plaintiff's activities of daily living. The ALJ relied on a treatment record dated April 22, 2009, which was more than a year before Plaintiff's alleged onset date. Whether Plaintiff's condition on the alleged onset date was the same as it was on April 22, 2009, is something the ALJ should consider on remand.

The ALJ also discounted Plaintiff's credibility because he found her allegations of disabling symptoms and limitations inconsistent with the the medical opinion's objective findings. The ALJ stated:

> the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of limitations greater than those reported above.

R. 15. The ALJ failed to supplement this statement with specific instances of how Plaintiff's allegations of disabling symptoms and limitations were inconsistent with the objective findings, and instead referenced the medical evidence when applying weight to each physician's opinion. The Court is not permitted to independently examine the issue of whether Plaintiff's credibility should be discounted based on the medical evidence and come to a conclusion of its own. *E.g., Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 88 (1943); *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001).

For the reasons set forth above, the Commissioner's final decision denying Plaintiff's application for disability and supplemental security income is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATE: December 18, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT